**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **SPECTRA BANK and**<br>**RIVERBEND FINANCIAL**<br>**CORPORATION,**<br><br>**Plaintiffs,**<br><br>v.<br><br>**STARNET INSURANCE COMPANY,**<br>**Defendant.** | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | **Civil Action No. 3:25-cv-0813-B** |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Spectra Bank ("Spectra") and Riverbend Financial Corporation ("Riverbend") (collectively, "Plaintiffs") file this First Amended Complaint against Defendant StarNet Insurance Company ("StarNet"), as follows:

## SUMMARY OF CLAIMS

1.      Spectra is a Texas bank with offices in Dallas and Fort Worth. Riverbend is Spectra's parent corporation. Spectra has suffered losses totaling more than $1,600,000 as a direct result of fraudulent actions by two of its now former directors—Barkat Ali and his son Amar Ali. StarNet issued a financial institution bond (the "Bond") insuring Spectra and Riverbend against such losses but has refused to indemnify Spectra. Spectra now seeks to recover from StarNet for those losses.

## PARTIES

2.      Spectra is a Texas banking association with its principal place of business in the Northern District of Texas.

3.      Riverbend is a Texas corporation with its principal place of business in the Northern District of Texas and is Spectra's parent corporation. While Spectra is an Insured under the Bond, Riverbend is the "first named Insured" in the Bond and the Bond purports to require the "first named Insured" to bring any suit under the Bond. Although Spectra suffered the losses at issue in this action, Riverbend joins as a Plaintiff to satisfy that provision, in the event the provision is valid.

4.      StarNet is an Iowa corporation with its principal place of business in Connecticut. StarNet's agent for service of process in Texas is CT Corporation, 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

## JURISDICTION AND VENUE

5.      This Court has subject matter jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(1) because the this is an action between citizens of different states and the amount in controversy, exclusive of interest and costs,  exceeds the sum of $75,000.

6.      The Court has personal jurisdiction over StarNet as a foreign corporation that is licensed to do business in Texas and is doing business in Texas, including by issuing the financial institution bond at issue in this action.

7.      Venue is proper in this District and Division pursuant to 28 U.S.C. § 1391(b)(2) because a substantial part of the events or omissions giving rise to the claim occurred in Dallas County, Texas, where Spectra maintains one of its two offices.

## BACKGROUND FACTS

8.      Spectra was a named insured on the Bond, which is bond no. FIB 6031789-11 The Bond had a stated "bond period" from February 5, 2019 to February 5, 2022.

9.      Barkat Ali was a member of Spectra's board of directors from at least 2010 until no later than October 2019. He was also a shareholder in Riverbend. Amar Ali was a member of Spectra's board of directors from 2014 until September 27, 2019.

10.      Under the Bond's Fidelity insuring agreement, StarNet agreed to indemnify Spectra for losses resulting directly from dishonest or fraudulent acts committed by any Spectra "Employee" with the intent to cause Spectra to sustain a loss or to obtain improper financial benefit for the Employee or another person or entity. If the loss resulted directly or indirectly from "Loans," such as the losses at issue here, the Bond requires that the Employee was in collusion with one or more parties to the Loan transaction and received an improper financial benefit in connection with the transaction.

11.      The Bond  defines "employee" to include

> …a director…of the Insured when performing acts coming withing the scope of the usual duties of an employee, or while acting as a member of any committee duly elected or appointed by resolution of the board of directors to perform specific, as distinguished from general, directorial acts on behalf of the Insured….

12.      Barkat Ali's and Amar Ali's conduct that directly resulted in the losses at issue here involved two groups of loan transactions. On one group of loan transactions the borrower was Level Eight, Inc. and on the other the borrower was A to Z Wholesale Wine & Spirits, LLC.

## Level Eight, Inc

13.      Level Eight, Inc. ("Level Eight"), whose purported principal was Bhavesh (Bobby) Patel, portrayed itself as a scrap metal recycling business. Barkat Ali introduced Level Eight and several other affiliated  scrap metal companies to Spectra. Barkat Ali and Amar Ali, acting as Employees of Spectra, caused Spectra in July 2019 to grant a $500,000 line of credit loan to Level Eight and then in September 2019 to increase that line of credit loan to $1,000,000 with the stated purpose of "working capital growth for Level Eight." Amar Ali acted as the effective loan officer

3

on those transactions. Barkat Ali and Amar Ali also voted as members of Spectra's loan committee to approve both transactions, additional actions bringing them within the Bond's definition of Employees.

14.    Barkat Ali and Amar Ali caused those Level Eight transactions to occur and then voted to approve them without disclosing to Spectra at least the following facts: (a) that in July 2019 Level Eight's affiliated companies made payments of at least $100,000 to Barkat Ali's and/or Amar Ali's companies in connection with the loans to Level Eight and its affiliates; (b) Level Eight was not a legitimate business and the financial documents it submitted to Spectra in connection with the transactions were fraudulent; and (c) Level Eight did not use the $1,000,000 in draws on the line of credit for its working capital growth. Bhavesh Patel and several other principals of the scrap metal companies are now defendants in a federal criminal case in this District and Division charging them with bank fraud. In that criminal case, Bhavesh Patel and at least one other defendant have agreed to plead guilty and as part of their plea agreements have admitted that materials submitted to Spectra in connection with the Level Eight transactions were false and fraudulent.

15.    Level Eight and the guarantors on its loan defaulted on their obligations and Level Eight filed a bankruptcy petition. Spectra has suffered a loss of approximately $800,000 in connection with the Level Eight transactions. Barkat Ali's and Amar Ali's fraudulent and dishonest conduct as "Employees" caused that loss. They acted in collusion with one or more parties to those transactions and received improper financial benefit in connection with the transactions. Spectra's loss on the Level Eight transactions falls within the scope of the Bond's fidelity coverage.

**A to Z Wholesale Wine & Spirits, LLC**

16.    Amar Ali was the owner of A to Z Wholesale Wine & Spirits, LLC ("A to Z"). A to Z purported to be a wholesale liquor distributor. It had at least two loans at Spectra which Amar Ali and his brother Nur Ali guaranteed. Beginning in or about December 2016, Amar Ali effectively became the loan officer on A to Z's loan relationship with Spectra, directing the nominal loan officer to renew one loan and later to make and renew another loan to A to Z. He did so while submitting and causing Spectra to rely on business and personal financial documentation and information that was materially inflated or otherwise inaccurate, including regarding his personal net worth and the status of A to Z's business. He failed to disclose the true facts to Spectra, including to the Spectra loan committee that he sat on, before the loan committee voted to approve the loan transactions. By way of example, A to Z ceased operating in approximately October 2018 and then wound down, according to Amar Ali's sworn deposition testimony years later. A to Z also was sued for fraud in early 2019. Amar Ali never disclosed such facts to Spectra while orchestrating A to Z's loans at Spectra.

17.    A to Z and Amar and Nur Ali defaulted on their obligations in connection with those loans and Spectra has lost approximately $800,000 on the loans. Amar Ali's fraudulent and dishonest conduct as an Employee caused that loss. Amar Ali acted in collusion with one or more parties to those transactions and received improper financial benefit in connection with the transactions. Spectra's loss on the A to Z transactions falls within the scope of the Bond's fidelity coverage.

**Conditions Precedent**

18.    Consistent with the Bond's terms, Plaintiffs timely submitted a notice of loss to StarNet and timely submitted a proof of loss. Plaintiffs subsequently timely amended and

5

supplemented the original proof of loss. The parties have had a tolling agreement in place since September 2023.

19.    All valid conditions precedent to Plaintiffs' recovery under the Bond have been performed, have occurred, or have been waived.

20.    StarNet has refused to pay Plaintiffs' claim under the Bond, including Spectra's claim expenses.

## CLAIMS FOR RELIEF
## COUNT ONE-BREACH OF CONTRACT

21.    Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 20 above.

22.    Plaintiffs have performed their contractual obligations under the Bond.

23.    StarNet failed to perform its contractual obligations under the Bond by refusing to indemnify Spectra for the losses it suffered as a direct result of Barkat Ali's and Amar Ali's dishonest and fraudulent acts and refusing to indemnify Spectra for its claim expense. That refusal constitutes a breach of contract for which Plaintiffs are entitled to recover all actual damages, including all losses resulting from the dishonest or fraudulent acts and all claim expenses, plus interest from the date of the dishonest or fraudulent acts.

## ATTORNEYS' FEES

24.    Plaintiffs incorporate by reference the allegations in Paragraphs 1 through 23 above.

25.    As a result of StarNet's breach of its contractual obligations under the Bond, Plaintiffs are entitled pursuant to Section 38.001(8)  of the Texas Civil Practice & Remedies Code to recover reasonable and necessary attorneys' fees incurred in the prosecution of this action.

6

## Jury Demand

26.     Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs Spectra Bank and Riverbend Financial Corporation pray that after

Defendant StarNet Insurance Company appears and answers, that Plaintiffs be awarded judgment

against StarNet for:

      a.   Actual damages;

      b.   Attorneys' fees;

      c.   Prejudgment and post-judgment interest;

      d.   Costs of court; and

      e.   All other relief to which Plaintiffs are entitled.


Respectfully Submitted,

/s/ John C. Eichman
John C.  Eichman
State Bar No. 06494800

**The Eichman Firm PLLC**
1910 Pacific Avenue, Suite 6045
Dallas, Texas 75201
Telephone: (972)863-9041
john @eichmanfirm.com

**ATTORNEY FOR PLAINTIFFS**

7